IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

FILED

JUL 17 2012

CLERK. US DISTRICT COURT
NEWPORT NEWS VA

RONALD W. WALDEN JR., )
an individual )
)
    Plaintiff, ) Case No: 4:12-CV-113
)
v. )
)
BRE RETAIL RESIDUAL OWNER I, LLC, )
a Domestic Limited Liability Company, )
)
    Defendant. )
)

## COMPLAINT

Plaintiff, RONALD W. WALDEN JR., an individual, by and through his undersigned counsel, hereby files this Complaint and sues BRE RETAIL RESIDUAL OWNER I, LLC, a Domestic Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and damages pursuant to Virginia State law and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's Property, which is the subject of this action, is located in Newport News, Virginia.

3. Plaintiff, RONALD W. WALDEN JR., (hereinafter referred to as "MR. WALDEN") is a resident of the Commonwealth of Virginia.

4. MR. WALDEN is a qualified individual with a disability under the ADA. Mr. Walden is diagnosed with Osteogenesis imperfecta and uses a wheelchair for his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, BRE RETAIL RESIDUAL OWNER I, LLC, (hereinafter referred to as "DEFENDANT") is a Domestic Limited Liability Partnership. Upon information and belief, DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, known as the Jefferson Green Shopping Center, generally located at 12233 Jefferson Ave., Newport News, VA 23602 ("the Property"). DEFENDANT is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Virginia.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, a shopping center, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. WALDEN has visited the Property and plans to return to the Property in the near future.

11. During his visit, MR. WALDEN experienced serious difficulty accessing the

goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MR. WALDEN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MR. WALDEN plans to and will visit the Property, but fears he will face the same barriers to access unless they are removed.

14. DEFENDANT has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered and which hindered his access:

   A. Plaintiff had difficulty exiting his vehicle and getting into his wheelchair due to designated accessible parking throughout the Property with excessive long slopes and cross slopes;

   B. Plaintiff also had trouble accessing the parking designated as accessible throughout the Property due to access aisles with excessive slopes and cross slopes and improperly placed ramps within the access aisles that obstruct access aisles;

   C. Plaintiff had difficulty accessing curb ramps throughout the Property due to excessive long slopes and cross slopes, steep side-flairs, and excessive lips; and

  D. Plaintiff had further difficulty traveling the routes to tenant location entrances throughout the Property due to sidewalks with excessive long slopes and cross slopes.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## COUNT II
## (VIRGINIA STATE CLAIM)

20. Plaintiff reallages and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

21. Defendant's Property is a place of public accommodation under Section 51.5-44

of the Code of Virginia.

22. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

23. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

24. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and administered by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective

procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E. That the Court award such other and further relief as it deems necessary, just and proper;

F. That this Court issue a Declaratory Judgment that the Defendant has violated the Virginia's Rights of Person with Disabilities Act;

G. That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H. That this Court award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia; and

I. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,
KU & MUSSMAN, P.A.

By: _____
M. Ryan Casey, Esq. (VA # 72806)
ryan@kumussman.com
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
*Attorney for Plaintiff*